IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3037 |
| vs. | ORDER |
| DEREK HARTFORD, | |
| Defendant. | |

This matter is before the Court on defendant Derek Hartford's objections (filing 70) to the Findings, Recommendation, and Order (filing 69) of the Magistrate Judge, recommending that the defendant's motion to suppress (filing 41) be denied. The Court has conducted a *de novo* review of the motion to suppress, pursuant to 28 U.S.C. § 636(b)(1). The Court concurs in the Magistrate Judge's factual findings, analysis, and conclusions of law outlined in the record. Filing 72.

In his brief supporting his objections to the Magistrate Judge's findings, Hartford presents two additional arguments in support of his motion to suppress based on information learned at the suppression hearing. Filing 71. First, Hartford argues that Investigator Engel conducted an unreasonable search by opening Hartford's unlocked storm door in order to knock on the closed, interior front door to Hartford's home. And, since it was only after Engel opened the storm door that he and Detective Fiala smelled marijuana, the subsequent warrant based on this detection was invalid, as it was based on evidence obtained pursuant to an unlawful search. Filing 71 at 2.

Additionally, Hartford argues Engel knowingly "omitted information from his Affidavit for Search Warrant regarding the manner in which he had obtained his perception of the odor of marijuana coming from Hartford's

residence." Filing 71 at 5. In other words, Hartford argues that since Engel did not include in his affidavit that he perceived the odor of marijuana coming from Hartford's home as a result of an unlawful search of the curtilage (opening the storm door), he misled the Magistrate Judge who issued the warrant, making suppression appropriate. Filing 71 at 5.

The Court believes that the Magistrate Judge clearly articulated why Engel's opening of the storm door was not an unlawful, warrantless search of the curtilage of Hartford's home. *See* filing 72 at 107-108. The Court agrees with that conclusion. But, since both parties describe this as a "new" argument, *see* filing 71 at 2; filing 75 at 2, the Court will briefly explain its conclusion.

It is well settled that law enforcement officers not armed with a warrant enjoy the same right as any member of the public to "approach [a] home by the front path, knock promptly, wait briefly to be received, and then (absent invitation to linger longer) leave." *United States v. White*, 928 F.3d 734, 740 (8th Cir. 2019) (quoting *Florida v. Jardines*, 569 U.S. 1, 8 (2013)). In opening Hartford's unlocked storm door to knock on the main entrance door, the officers in this case did just that—they knocked promptly on the entrance to Hartford's home in a manner that any member of the public might do. By leaving the storm door unlocked, Hartford gave implicit license to the public, including law enforcement acting within the knock-and-talk warrant exception, to open the storm door and knock on his inner, front door. *See Jardines*, 569 U.S. at 8; *U.S. v. Wells*, 648 F.3d 671, 679 (8th Cir. 2011). It takes no "fine-grained legal knowledge" to determine that such actions are within the scope of the traditional invitation extended to a "knocker on the front door." *Jardines*, 569 U.S. at 8.

Simply put, the officers in the instant case—who were approaching without a warrant, but just to speak with the residents of the home—acted

2

within the scope of the knock-and-talk exception when they opened the unlocked storm door and knocked on the closed, interior front door. Therefore, their perception of marijuana was not the result of an unlawful search of Hartford's home.

And, as noted by the Magistrate Judge, the cases provided by Hartford arguing against this conclusion are clearly distinguishable from the instant case. Filing 72 at 107-108. In *U.S. v. Morris*, police, in executing a search warrant, used a tool to pry open a locked storm door (located in front of a wood-framed front door) just two seconds after announcing their presence. 436 F.3d 1045, 1046-47 (8th Cir. 2006). Where the officers' objective intent was to search the home, the Eighth Circuit held that opening the *locked* storm door before complying with knock-and-announce requirements was an unreasonable search. *Id.* at 1048. However, in holding that officers cannot use tools to break open locked storm doors two seconds after announcing they are executing a search warrant, the Eighth Circuit did not prohibit officers, acting pursuant to the *knock-and-talk exception*, from opening an *unlocked* storm door to knock on a citizen's interior, front door, as any member of the public is implicitly licensed to do.

And even less persuasive is Hartford's reliance on *U.S. v. Marts*, where officers opened a citizen's unlocked front door (where there was only a single door) and entered his home to execute a warrant less than five seconds after announcing their presence. 986 F.2d 1216, 1217 (8th Cir. 1993). The Eighth Circuit's holding—that this entry violated the Fourth Amendment because officers failed to comply with the "knock and announce" rule—is simply inapplicable to the authority of officers acting under the knock-and-talk exception, which is the issue at hand.

3

Finally, given that Engler's actions in opening Hartford's unlocked storm door did not constitute an unlawful search in violation of the Fourth Amendment, Engler did not mislead the Magistrate Judge by failing to note that he opened the storm door before smelling the marijuana in his affidavit for a warrant. The Court therefore finds the defendant's objections to be without merit, and will adopt the Magistrate Judge's findings and recommendation.

IT IS ORDERED:

1. The Magistrate Judge's Findings, Recommendation, and Order (filing 69) are adopted.

2. The defendant's objections (filing 70) are overruled.

3. The defendant's Motion to Suppress (filing 41) is denied.

Dated this 24th day of November, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge