IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>DEREK HARTFORD,<br><br>                Defendant. | 4:21-CR-3037<br><br>TENTATIVE FINDINGS |

The Court has received the presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected (filing 99) to the presentence report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected (filing 99) to ¶ 28 of the presentence report—part of the "prosecutor's version of the offense" submitted by the U.S. Attorney's Office—which describes the defendant's alleged use of marijuana in pretrial detention following a temporary release from custody to attend his grandfather's funeral. Loosely described, ¶ 28 sets out circumstantial evidence strongly suggesting that the defendant was smoking marijuana in his cell.

The Court notes that the defendant's objection doesn't take issue with the facts as stated in the presentence report—that is, the defendant doesn't claim it didn't happen. *See* filing 99. Rather, the defendant's objection is to the relevance of the incident: He argues that the events described in ¶ 28 were not committed in relation to the offense of conviction, are not relevant conduct to the offense of conviction, and "lack a temporal nexus sufficient to fairly attribute any wrongful conduct to Defendant." Filing 99 at 1.

But the defendant pleaded guilty to possession with intent to distribute marijuana and methamphetamine, and was apparently smoking marijuana in his cell while awaiting trial on that offense. And it's well-settled that the Court may consider a defendant's misconduct while awaiting disposition of a case, for instance in determining acceptance of responsibility. *See United States v. Cooper*, 998 F.3d 806, 810-11 (8th Cir. 2021); *United States v. Taylor*, 830 F. App'x 795, 796 (8th Cir. 2020); *United States v. Cole*, 125 F.3d 654, 655 (8th Cir. 1997); *United States v. Duckett*, 111 F.3d 135 (8th Cir. 1997); *United States v. Byrd*, 76 F.3d 194, 196-97 (8th Cir. 1996); *United States v. Thomas*, 72 F.3d 92, 93 (8th Cir. 1995); *United States v. Poplawski*, 46 F.3d 42, 43 (8th Cir. 1995). That's true even if the unlawful conduct is unrelated to the offense of conviction. *See Cooper*, 998 F.3d at 811; *Byrd*, 76 F.3d at 197. And the Court may also consider new criminal conduct while awaiting trial or sentencing when applying the § 3553(a) factors and deciding whether departure or variance is appropriate. *See United States v. Breaw*, 814 F. App'x 189, 190 (8th Cir. 2020); *United States v. Foy*, 617 F.3d 1029, 1036 (8th Cir. 2010); *United States v. Dehghani*, 550 F.3d 716, 723 (8th Cir. 2008); *United States v. Solis-Bermudez*, 501 F.3d 882, 886 (8th Cir. 2007); *see also United States v. Boneshirt*, 662 F.3d 509, 520 (8th Cir. 2011).

Accordingly, the Court's tentative finding is that the defendant's objection should be overruled. The Court has noted that the government has not requested a sentencing enhancement based on ¶ 28—the government still supports a 3-level decrease for acceptance of responsibility, and the guidelines range is unaffected by ¶ 28. But it is not inappropriate to include the events described in ¶ 28 in the presentence report, and the Court will determine at sentencing what

weight, if any, they should be afforded when determining the appropriate sentence under § 3553(a).

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 8th day of June, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge